IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| TIMOTHY E. VUYANICH et al., <br><br> *Plaintiff,* <br><br> v. <br><br> SMITHON BOROUGH et al., <br><br> *Defendant.* | Civil Action No. 2:19-cv-01342-WSS <br><br> Hon. William S. Stickman IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, District Judge

This controversy arises from the enforcement of an order issued in a Pennsylvania state criminal court case to permit Defendants, local authorities and private parties they contracted with, to enter onto Plaintiffs' land and dispose of property blight which allegedly violated local ordinances. Plaintiffs allege that the order violated their constitutional rights and assert claims under 42 U.S.C. §1983 and state-law tort claims. After carefully reviewing those allegations, the Court holds that it would be impossible for it to adjudicate them without determining that the state court order authorizing the cleanup was contrary to law. For the reasons set forth in this Memorandum, the Court will grant the motions of Smithton Borough and South Huntingdon Township and dismiss this action under the *Rooker-Feldman* doctrine. The remaining motions will be denied as moot.

## FACTUAL BACKGROUND

Plaintiff Timothy E. Vuyanich ("Tim") and his mother, Plaintiff Carol L. Vuyanich ("Carol"), reside at 303 Third Street, Smithton, Pennsylvania 15479 ("the property"). Plaintiffs' Complaint ("Compl.") at ¶¶ 1–2. They have owned the property since November 27, 1996 as joint

1

tenants with rights of survivorship. *Id.* at ¶ 21. The property intersects with the territory of two different municipal corporations in Westmoreland County, Pennsylvania: South Huntingdon Township ("South Huntingdon") and Smithton Borough ("Smithton"). *Id.* at ¶¶ 3, 12, 22. Both municipalities are entitled to enforce local ordinances as to the property. *Id.* at ¶ 28.

On July 17, 2018, the Commonwealth of Pennsylvania, through the District Attorney's Office for Westmoreland County, Pennsylvania, brought seven criminal charges against Tim for abandoning vehicles and garbage on his property in violation of 18 Pa. C.S.A. § 6504, 75 Pa. C.S.A. § 3712, and 18 Pa. C.S.A. § 6502. *See* Docket at 2, *Commonwealth v. Vuyanich*, CP-65-CR-0003869-2018 (Ct. Com. Pls., Westmoreland Cnty., Pa. Mar. 5, 2020). *See also* Compl. at ¶ 36.

On June 18, 2019, the Honorable Christopher A. Feliciani of the Court of Common Pleas of Westmoreland County held a status conference on Tim's criminal case. *Id.* at Exhibit 13. Tim was present and represented by Westmoreland County Public Defender Alan Manderino. *Id.* The case was continued in the hope that Tim would cooperate in the cleanup of his property and that the case might be dismissed. *Id.* at ¶ 76, & Ex. 13. Judge Feliciani ordered that Tim had twenty days to remove personal items from the abandoned vehicles on the property or any other property he wanted to retain before the borough could begin the cleanup process. *Id.* at ¶ 76 & Ex. 13. Judge Feliciani stated:

> They've been trying to get it cleaned up for months, if not longer. So I'm thinking 20 days. You guys hold off for 20 days. Whatever he needs to get out of his vehicles, he needs to do within the next 20 days. *Otherwise on day 21, the borough is going to be authorized to go in and start removing vehicles, or whatever else is on the property.*
> 
> \* \* \*
> 
> The defendant is granted 20 days from today's date to remove any personal items that he wants from the vehicles on his property or any other property that he wants to retain. *After 20 days expires, the borough will be authorized to go in and start the clean up[sic] process.*

2

*Id.* at pp. 5-6, 8 & Ex.13(emphasis added). The written order issued by Judge Feliciani stated in pertinent part, "Def. has 20 days to remove his personal items from property." *Id.* at Exhibit 14.

On or about July 9, 2019, after the twenty-day period set forth in Judge Feliciani's order expired, the cleanup process commenced. *Id.* at ¶ 91. Defendant Dale Cooper ("Cooper")[1], Smithton Police Department ("SPD") Chief Michael R. Natale ("Natale"), SPD patrolman Ralph D. Marsico Jr. ("Marsico"), and South Huntingdon Supervisors Eddie Troup ("Troup"), Matthew Jennewine ("Jennewine"), and Richard Gates ("Gates") entered Plaintiffs' property between July 9, 2019 and September 27, 2019. They employed the services of Harry F. Thompson's Garage, Incorporated ("Thompson's Garage"), R&R Auto Recycling ("R&R Recycling"), and Marsh Auto Salvage, Incorporated ("Marsh Salvage") to tow the abandoned vehicles and cleanup the garbage. *Id.* at ¶¶ 89–118. This was done without a warrant and without Plaintiffs' permission. *Id.* at ¶¶ 92-3.

On October 18, 2019, Plaintiffs filed a six-count Complaint in this Court against Defendants Cooper, Smithton, South Huntingdon, Natale, Marsico, Marsh Salvage, Thompson's Garage, Jarvis Auto and Truck Salvage, R&R Recycling, Troup, Jennewine, and Gates for violating their rights under the Fourth and Fifth Amendments to the United States Constitution and Pennsylvania law under 42 U.S.C. § 1983. Compl. at ¶¶ 142–273. Counts one through four assert that the cleanup violated Plaintiffs' rights under the United States Constitution. Counts five and six assert state law claims of conversion and trespass.

On December 20, 2019, three different groups of Defendants filed three separate motions to dismiss. Defendants Smithton, Natale, and Marsico (the "Smithton Defendants") filed a motion

---

[1] Dale H. Cooper was a contractor who was hired by Smithton to remove abandoned vehicles from the property and to clear up other garbage on the land. *Id.* at ¶¶41-52.

to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1). (ECF No. 19). Defendant Jarvis Auto and Truck Salvage filed a motion to dismiss under Rule 12(b)(6). (ECF No. 21). South Huntingdon, Troup, Jennewine, and Gates (the "South Huntingdon Defendants") filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6). (ECF No. 23). On January 17, 2020, Thompson's Garage filed a motion to dismiss under Rule 12(b)(6). (ECF No. 38). All four motions to dismiss are ripe.

## STANDARD OF REVIEW

A motion to dismiss pursuant to the *Rooker-Feldman* doctrine is a challenge to the court's subject matter jurisdiction. *Singleton v. Collins*, 513 Fed. Appx. 251, 252 (3d. Cir. 2013). Under Rule 12(b)(1), a court must grant a motion to dismiss if there is a lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A plaintiff bears the burden of persuasion that federal jurisdiction is present. *Saint Vincent Health Ctr. v. Shalala*, 937 F. Supp. 496, 501 (W.D. Pa. 1995) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)). The threshold to survive a motion to dismiss under Rule 12(b)(1) is lower than that under Rule 12(b)(6). *Lunderstadt v. Colafella*, 885 F.2d 66, 70 (3d Cir. 1989). This is because dismissal for lack of jurisdiction cannot be predicated on the mere probability that a plaintiff's legal theories are false; a court will only dismiss for a lack of jurisdiction if a plaintiff's legal theories are solely proffered to obtain federal jurisdiction but otherwise are immaterial or are "insubstantial on their face." *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1280 (3d Cir. 1993) (quoting *Bell v. Hood*, 327 U.S. 678, 773, 776 (1946)).

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d. Cir. 2000). In reviewing a facial attack, the court must only consider the allegations of the complaint

4

and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. *Gould*, 220 F.3d at 176. In reviewing a factual attack, the court may consider evidence outside the pleadings. *Id.* An attack on subject matter jurisdiction based on the *Rooker-Feldman* doctrine is a factual attack. *Shawe v. Pincus*, 265 F. Supp. 3d. 480, 484-85 (D. Del. 2017). As such, the Court is free to consider evidence outside the pleadings and their attachments in rending its decision on Defendants' motions.

## ANALYSIS

The Smithton Defendants and South Huntingdon Defendants contend that the Court should abstain under the *Rooker-Feldman* doctrine because this action is inextricably intertwined with the underlying state court proceeding and would require the Court to sit in judgment of Judge Feliciani's June 18, 2019 order. They argue that it would be impossible for the Court to grant any relief without condemning the state court order. Plaintiffs disagree, arguing that the *Rooker-Feldman* doctrine does not apply because Judge Feliciani's June 18, 2019 order was not a judgment, Carol was not a party to the underlying state court proceeding, and even if the June 18, 2019 order was a judgment, they have asserted an independent claim. For the reasons set forth below, the Court will grant the Smithton Defendants' and South Huntingdon Defendants' motions to dismiss under the *Rooker-Feldman* doctrine. The Court will deny all other motions as moot.

Abstention is not warranted simply because there is a pending state-court proceeding involving the same subject matter. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (citing *Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373 (1989)). The *Rooker-Feldman*[2] doctrine requires the dismissal of "cases brought by state-court losers

---

[2] The Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) interpreted the Supreme Court Selections Act ("SCSA") of 1988, Pub. L. 100-352, 102 Stat. 662 (codified as amended at 28

5

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The United States Court of Appeals for the Third Circuit has created a four-prong test for determining if the *Rooker-Feldman* doctrine applies: 1) a federal plaintiff lost in state court, 2) a federal plaintiff complained of injuries caused by a state court judgment, 3) a state court judgment was rendered before the federal suit was filed, and 4) a federal plaintiff invited the district court to review and reject the state court's judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exon Mobil*, 544 U.S. at 284)). The Court holds that each of these elements has been satisfied and, therefore, the *Rooker-Feldman* doctrine applies to this action.

I. **Tim Vuyanich was a "state court loser"**

The June 18, 2019 order was a loss for Tim. Judge Feliciani ruled that he had twenty days to remove personal property before a cleanup of the premises commenced. That is exactly what happened. After the twenty-day period lapsed without Tim cleaning up the property, Defendants did so themselves. All the injuries alleged in this case arise from the allegedly negative consequences of Judge Feliciani's ruling.

The Court holds that the June 18, 2019 order was a judgment for the purposes of the *Rooker-Feldman* doctrine. *See Levys v. Manning*, Civil Action No. 16-1820, 2016 WL 7664840, at **1, 4 (W.D. Pa. Dec. 16, 2016) (applying the *Rooker-Feldman* doctrine to an interlocutory order in a state criminal case). It was supplemented by the various oral directives of Judge Feliciani

---

U.S.C. § 1257) to confer the Supreme Court with exclusive appellate jurisdiction over judgments entered by lower state courts.

during the June 18, 2019 court proceedings as to when encroachment onto Plaintiffs' property could occur for the cleanup to commence.

The Court is persuaded that the June 18, 2019 order was enough to render Tim a state court loser. It was an interlocutory order and, indeed, the criminal prosecution is ongoing. But it is the order that gave rise to all of the losses that form the basis of this action. Therefore, the first requirement under the *Rooker-Feldman* doctrine has been met.

## II. Plaintiffs complain of injuries caused by a state court judgment

Plaintiffs complain that they suffered constitutional and common law injuries arising from Judge Feliciani's June 18, 2019 order. The fact that the order was interlocutory, rather than final, does not preclude a finding by the Court that it was a state-court judgment for purposes of the second requirement of the *Rooker-Feldman* doctrine.

The parties did not furnish the Court with any persuasive justification for why the *Rooker-Feldman* doctrine cannot apply to an interlocutory order in a state court proceeding such as the June 18, 2019 order at issue here. There is a consensus among published out-of-circuit opinions, unpublished Third Circuit opinions, and published in-circuit district court opinions that the *Rooker-Feldman* doctrine applies to interlocutory orders in both state civil and criminal proceedings. *See, e.g.*, *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000) (citing cases); *Doctor's Assoc.'s, Inc. v. Distajo*, 107 F.3d 126, (2d Cir. 1997) (citing cases); *Charchenko v. City of Stillwater*, 47 F.3d 981, 983–84 & n.1 (8th Cir. 1995) (citing cases); *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096 (9th Cir. 2003) (citing *Doe & Assocs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001)); *Mikhail v. Kahn*, 572 Fed. App'x 68, 70–71 & n.2 (3d Cir. July 9, 2014); *Coppedge v. Deutsche Bank Nat'l Trust*, 511 Fed. App'x 130, 131–32 (3d Cir. Jan. 22, 2013); *Gray v. Martinez*, 465 Fed. App'x 86, 89 (3d Cir. Feb. 24, 2012);

*Mayercheck v. Judges of Penn. Sup. Ct.*, 395 Fed. App'x 839, 842 (3d Cir. Aug. 18, 2010); *Shawe*, 265 F. Supp. 3d at 489–90 (quoting *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000)); *Levys* 2016 WL 7664840, at \*\*1, 4. There is no question here that the source of Plaintiffs' alleged injuries is the June 18, 2019 order that permitted Defendants to enter their property after twenty days and commence a cleanup of the property. *See* Compl. ¶¶ at 142–273. Therefore, the second requirement under the *Rooker-Feldman* doctrine has been established.

### III. Judge Feliciani's Order was entered before this action was filed

The parties do not dispute that Judge Feliciani's order was entered before this action was filed. The state court order at issue was entered on June 18, 2019, and this suit was filed on October 18, 2019. As such, the third prong of the *Rooker-Feldman* doctrine has been established.

### IV. This action invites the Court to review and reject Judge Feliciani's Order

The fourth and final requirement, that Plaintiffs are inviting review and rejection of the state court judgment (i.e., the June 18, 2019 order) as violating the United States Constitution and Pennsylvania common law, "is closely related" to the second requirement. *Great Western Mining & Mineral Co.*, 615 F.3d at 168. "A subsequent federal claim constitutes '[p]rohibited appellate review' only when it 'consists of review ... to determine whether [the lower tribunal] reached its result in accordance with law,' or when the federal plaintiff seeks 'to have the state-court decisions undone or declared null and void[.]'" *Geness v. Cox*, 902 F.3d 344, 360 (3d Cir. 2018) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 169, 173) (altered by text added by the Court of Appeals).

Each claim Plaintiffs raise in their Complaint is premised upon their allegation that Judge Feliciani erred in issuing the June 18, 2019 order, and the relief Plaintiffs seek from the Court would effectively overrule or void that order. Plaintiffs contend that Judge Feliciani's order, which

8

led to alleged constitutional violations, was "facially invalid" and "invalid as a matter of law." Specifically, Plaintiffs allege:

> 79. The June 18, 2019 status conference *order issued by the Westmoreland County Court is facially invalid because the Court has no power to order the Property's clean up* until Tim was convicted and sentenced under Pennsylvania's misdemeanor public nuisance statute, nor did Cooper and the Subcontractors have statutory authority to conduct the "clean up" at the expense of Plaintiffs.
>
> * * *
>
> 81. Tim, as of June 18, 2019, had not been convicted and sentenced under the misdemeanor public nuisance statute; the *Westmoreland Count Court thus could not order* that the Property be abated and the order is therefore *invalid as a matter of law*.
>
> * * *
>
> 82. In addition, the June 18, 2019 Westmoreland County Court order is *invalid as a matter of law* because it directed that Smithton's contractor (Cooper) clean up the Property rather than Tim or the Westmoreland County Sheriff, as required by the misdemeanor public nuisance statute.

Compl. ¶¶ 79, 81-82 (emphasis added). The Court cannot possibly entertain Plaintiffs' Complaint without sitting in judgment over Judge Feliciani's order of June 18, 2019. The *Rooker-Feldman* doctrine recognizes that federal district courts do not have that authority.

The Court does not have appellate jurisdiction over the underlying state court criminal proceeding; the appellate courts of Pennsylvania do.[3] Yet, Plaintiffs failed to seek relief through appeal in the state court system; they never appealed or challenged the June 18, 2019 order through proper state court procedures. *See Charchenko*, 47 F.3d at 984 ("Because Charchenko has never

---

[3] The Court acknowledges that the state court proceedings are ongoing and that there has not, as of yet, been a final order in the case. Tim can challenge Judge Feliciani's order in the course of any appeal from a final order in his criminal case. However, the Court recognizes that the alleged injury from Judge Feliciani's order has already been inflicted. This does not excuse Tim's failure to seek state court relief or otherwise render this an appropriate forum for review of Judge Feliciani's order. Tim could have attempted to lodge an interlocutory appeal *before* Defendants undertook cleanup operations on their property. *See* Pa.R.A.P. 311-13. He did not do so. The Court simply cannot sit as an alternative appellate court.

pursued a writ of certiorari, allowing the district court to apply state law to the merits of Charchenko's wrongful termination claim would effectively void this determination."). They seek relief here. *Compare Dixon v. Township of Lower Southampton*, Civil Action No. 06-5223, 2007 WL 2345277, at **1, 5 (E.D. Pa. Aug. 16, 2007) (holding that the *Rooker-Feldman* doctrine did not apply because the plaintiff appealed his constitutional challenge to a local zoning enforcement action to the Commonwealth Court and Commonwealth Court did not predicate its decision on the merits of that challenge"), *with Tauro v. Baer*, Civil Action No. 08-1545, 2009 WL 3837247, at **1, 3 (W.D. Pa. Nov. 16, 2009) (holding that the *Rooker Feldman* doctrine applied because plaintiffs' constitutional claim was inextricably intertwined with the underlying state court judgment and plaintiffs failed to appeal the contested judgment at issue). Therefore, the Court finds that the fourth requirement under the *Rooker-Feldman* doctrine has been met.

All four requirements for the application of the *Rooker-Feldman* doctrine have been satisfied. The claims asserted by Plaintiffs in their Complaint are inextricably intertwined with the underlying state criminal court case's proceedings. *See Walker*, 385 F.3d at 329 (3d Cir. 2004) (citing *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003)). The Court simply cannot adjudicate the claims asserted in the Complaint without rejecting Judge Feliciani's order. A federal district court is not an appropriate forum to review a state court order.

### V.    The participation of Carol Vuyanich as a plaintiff does not preclude abstention.

Finally, that Carol is not a party to Tim's state court criminal case does not circumvent the *Rooker-Feldman* doctrine or otherwise create an exception whereby this matter could proceed. The Supreme Court has, to date, expressly declined to take up the issue of whether the *Rooker-Feldman* doctrine applies to a plaintiff not named in an underlying state court proceeding. *See Lance v. Dennis*, 546 U.S. 459, 466 & n.2 (2006). However, various Courts of Appeals, including

the Third Circuit, have held that the *Rooker-Feldman* doctrine will preclude claims brought by non-parties to the underlying state court action where they were in privity with a party to the action. *Marran v. Marran*, 376 F.3d 143 (3d. Cir. 2004). *See also McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006); *Hoblock v. Albany County Board of Elections*, 422 F.3d 77 (2d. Cir. 2005).

In *Marran* the Third Circuit explained that "[g]enerally, *Rooker-Feldman* does not bar claims by persons who were not parties to the underlying state action." 376 F.3d at 151, *citing Valenti v. Mitchell*, 962 F.2d 288, 297-98 (3d. Cir. 1992). The Circuit noted that "this limiting principle of the *Rooker-Feldman* doctrine has a close affinity to the principles embodied in the legal concepts of claim and issue preclusion. For example, as with claim preclusion and issue preclusion, *Rooker-Feldman* bars actions by parties in privity with the parties in the state action." *Id.* "Privity is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata." *Id.* (citing *EEOC v. United States Steel Corp.* 921 F.2d 489, 493 (3d. Cir. 1990)). "One relationship long held to fall within the concept of privity is that between a nonparty and a party who acts as the nonparty's representative." *Id. See also Montella v. Berkheimer Associates*, 690 A.2d 802, 804 (Pa. Cmwlth. 1997) ("Privity is broadly defined as 'mutual or successive relationships to the same right of property, or such identification of interest of one person with another as to represent the same legal right.'" (quoting *Ammon v. McCloskey*, 655 A.2d 549, 554 (Pa. Super. 1995)).

Tim and Carol are in privity with one another. Indeed, the allegations of the Complaint show that their interests were identical relative to the issues in this case. The Complaint alleges that Tim and Carol own the real property at issue as joint tenants with a right of survivorship. Compl. at ¶ 21. The Complaint also describes the personal property as "Plaintiffs' personal items." *see*, e.g. Compl. at ¶ 25 (emphasis added). All of the claims relate to the various Defendants' acts

11

in infringing rights in real and personal property that was alleged to be joint property. As such, Tim's participation in the June 18, 2019, hearing before Judge Feliciani was sufficient to represent all of the interests of both owners in the real and personal property. To put it another way, there is no space between Tim's interests and Carol's interests in the property that would require, or permit, a separate inquiry relating to Carol's interest in the land and personal property. The identity of interest in the real and personal property underlying this action and the fact that Tim and Carol assert all of their causes of action jointly support a finding that they were in privity for the purpose of the *Rooker-Feldman* analysis.

The Court finds instructive the following language of the Court of Appeals for the Sixth Circuit in *McCormick*:

> The *Rooker-Feldman* doctrine prevents a party who loses in state court from appealing that decision to the lower federal courts, as only the Supreme Court has appellate jurisdiction over state court decisions. It would be inconsistent to disallow the party in the state suit to raise a federal claim, but to allow his privity to bring the exact same claim. ***A state party may not circumvent the Article III jurisdictional provisions simply by substituting a privity's name for his own in the federal claim. This is especially true because the source of the injury to the state court loser and his privity would be one and the same: the state court judgment.*** In other words, a federal claim that alleged injury from a state court judgment would seek review of that state court judgment, regardless if the state court loser or his privity filed the federal claim.

*McCormick*, 451 F.3d at 396 (emphasis added).

From a practical perspective, precluding Tim's action based on the *Rooker-Feldman* doctrine, while permitting Carol's joint claims to proceed would be nonsensical. Any action by Carol alone would proceed exactly in the same manner as that of she and Tim jointly or Tim alone. In all circumstances, the Court would have to review Judge Feliciani's order and determine that it was legally infirm. "It would be inconsistent to disallow [Tim] to raise a federal claim, but to allow [Carol] to bring the exact same claim." *Id.* at 396. Indeed, the injury to Carol and to Tim

would be "one and the same." *Id.* An action by Carol alone would require the Court to sit in a quasi-appellate capacity to review the order of a state court trial judge. This is not the role of a federal district court. For the foregoing reasons, therefore, the Court holds that the *Rooker-Feldman* doctrine bars the actions of both Tim and Carol Vuyanich.

## CONCLUSION

AND NOW, this 1st day of April 2020, IT IS HEREBY ORDERED that Smithton Defendants' Motion to Dismiss (ECF No. 19) and South Huntingdon Defendants' Motion to Dismiss (ECF 23) are GRANTED. Jarvis Salvage's Motion to Dismiss (ECF No. 21) and Thompson's Garage's Motion to Dismiss (ECF No. 38) are DENIED as MOOT. The case is DISMISSED with prejudice. Leave to amend would be futile given that dismissal is based on the *Rooker-Feldman* doctrine.[4]

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[4] "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 Moore's Federal Practice – Civil § 15.15[4] (2019). Dismissal on the basis of the *Rooker-Feldman* doctrine is recognized as a situation where amendment of a complaint is futile. *See e.g., Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 334, n.22 (M.D. Pa. 2010); *Mehta v. City of Jersey City*, 360 Fed. Appx. 270, 271 (3d. Cir. Jan. 12, 2010).