IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| TIMOTHY E. VUYANICH *et al.*, | |
| *Plaintiffs*, | Civil Action No. 2:19-cv-1342 WSS |
| v. | Hon. William S. Stickman IV |
| SMITHON BOROUGH *et al.*, | |
| *Defendants*. | |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiffs Timothy E. Vuyanich and Carol L. Vuyanich brought this action asserting claims against several Defendants, public and private, relating to the involuntary clean-up of vehicles and other personal property from their land. (ECF No. 1). The Court previously considered motions to dismiss filed by Defendants Smithton Borough and South Huntingdon Township ("Defendant municipalities") and, on April 1, 2020, issued a Memorandum Opinion and Order dismissing the entire case with prejudice due to the application of the *Rooker-Feldman* doctrine. (ECF Nos. 47 and 48). All of the other Defendants' motions—including that filed by Defendant Jarvis Auto and Truck Salvage ("Jarvis Salvage")—were dismissed as moot. (*Id.*). Plaintiffs appealed and, on July 27, 2021, the United States Court of Appeals for the Third Circuit reversed and remanded, holding that the *Rooker-Feldman* doctrine did not apply to bar Plaintiffs' claims. (ECF Nos. 54 and 55). On August 28, 2021, the Court reopened the case. (ECF No. 55).

Jarvis Salvage filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), arguing that: (1) Plaintiffs' claims against it under 42 U.S.C. § 1983 must fail because it is not a state actor and no plausible constitutional violations were asserted against it; and, (2) the Court should not

1

exercise supplemental jurisdiction over Plaintiffs' state tort claims. (ECF No. 60). The Court agrees. It will grant Jarvis Salvage's motion and dismiss the §1983 claims lodged against it in Counts II and III. Further, it will not exercise supplemental jurisdiction over the state law claims against Jarvis Salvage, Counts V and VI, and they will be dismissed without prejudice as well as the claim for punitive damages against Jarvis Salvage contained in Count VII.

## I.  FACTUAL BACKGROUND

Plaintiff Timothy E. Vuyanich ("Tim") and his mother, Plaintiff Carol L. Vuyanich ("Carol"), reside at 303 Third Street, Smithton, Pennsylvania 15479 ("the property"). (ECF No. 1, ¶¶ 1–2). The property intersects with the territory of two different municipalities in Westmoreland County, Pennsylvania: South Huntingdon Township ("South Huntingdon") and Smithton Borough ("Smithton"). (*Id.* ¶¶ 3, 12, 22). Both municipalities are entitled to enforce local ordinances as to the property. (*Id.* ¶ 28).

On July 17, 2018, the Commonwealth of Pennsylvania, through the District Attorney's Office for Westmoreland County, Pennsylvania, brought seven criminal charges against Tim for abandoning vehicles and garbage on his property in violation of 18 Pa. C.S.A. § 6504, 75 Pa. C.S.A. § 3712, and 18 Pa. C.S.A. § 6502. (*Id.* ¶ 36). *See* Docket at 2, *Commonwealth v. Vuyanich*, CP-65-CR-0003869-2018 (Ct. Com. Pls., Westmoreland Cnty., Pa. Mar. 5, 2020).

On June 18, 2019, the Honorable Christopher A. Feliciani of the Court of Common Pleas of Westmoreland County held a status conference on Tim's criminal case. (ECF No. 1-14). Tim was present and represented by Westmoreland County Public Defender Alan Manderino. (*Id.*). The case was continued in the hope that Tim would cooperate in the cleanup of his property and that the case might be dismissed. (ECF No. 1, ¶ 76; ECF No. 1-14). Judge Feliciani ordered that Tim had twenty days to remove personal items from the abandoned vehicles on the property or

2

any other property he wanted to retain before the Borough would begin the cleanup process. (*Id.*). Judge Feliciani stated:

> They've been trying to get it cleaned up for months, if not longer. So I'm thinking 20 days. You guys hold off for 20 days. Whatever he needs to get out of his vehicles, he needs to do within the next 20 days. *Otherwise on day 21, the borough is going to be authorized to go in and start removing vehicles, or whatever else is on the property.*
>
> &ast; &ast; &ast;
>
> The defendant is granted 20 days from today's date to remove any personal items that he wants from the vehicles on his property or any other property that he wants to retain. *After 20 days expires, the borough will be authorized to go in and start the clean up[sic] process*.

(ECF No. 1-14, pp. 5-6) (emphasis added). The written order issued by Judge Feliciani stated in pertinent part, "Def. has 20 days to remove his personal items from property." (ECF No. 1-15).

On or about July 9, 2019, after the twenty-day period set forth in Judge Feliciani's order expired, the cleanup process commenced. (ECF No. 1, ¶ 91). Smithton Police Department ("SPD") Chief Michael R. Natale ("Natale"), SPD Patrolman Ralph D. Marsico Jr. ("Marsico"), and South Huntingdon Supervisors Eddie Troup ("Troup"), Matthew Jennewine ("Jennewine"), and Richard Gates ("Gates") entered Plaintiffs' property between July 9, 2019 and September 27, 2019, to begin clearing the land. To aid in the cleanup, Smithton hired Dale H. Cooper, a contractor, to help remove abandoned vehicles and clear other materials from the land. (*Id.* ¶¶ 41-52). Cooper, in turn, contracted with Jarvis Salvage, a tow truck operating subcontractor to assist in the cleanup. (*Id.* ¶ 103). Jarvis Salvage towed Chevrolet vans and an Oldsmobile sedan from the property. (*Id.* ¶¶ 105-106).

## II.    STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face.

*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although this Court must accept the allegations in the Complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III.   ANALYSIS

Jarvis Salvage moves to dismiss the federal claims raised against it in Counts II and III, the state claims against it in Counts V and VI, and the claim for punitive damages raised against it at Count VII. As to the federal claims, Jarvis Salvage asserts that it cannot be liable under § 1983 because it is not a state actor. In the alternative, it argues that Plaintiffs have failed to plead

4

plausible constitutional violations. As to the state law claims, because the claims under § 1983 fail, Jarvis Salvage urges the Court not to exercise supplemental jurisdiction. (ECF No. 62).

> A.  **PLAINTIFFS CANNOT MAINTAIN THEIR CLAIMS AGAINST JARVIS SALVAGE UNDER 42 U.S.C. § 1983 BECAUSE JARVIS SALVAGE IS NOT A STATE ACTOR AND WAS NOT ACTING UNDER THE COLOR OF STATE LAW.**

"Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States].'" *Halsey v. Pfeiffer*, 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983). To obtain relief under § 1983, a plaintiff must show that he suffered "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). § 1983 applies to the conduct of state actors. In general, it does not apply to the conduct of private parties. However, a private party may incur liability under § 1983 if it was acting under the color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982).

"Although a private person may cause a deprivation of [a constitutional] right, he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). In *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001), the Supreme Court held that "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" (citation

omitted). The inquiry into whether a private individual or association was acting under the color of law is fact-specific. *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (citations omitted). To conduct this analysis, the Court of Appeals for the Third Circuit has "outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists," which are as follows:

> (1) "whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state"; (2) "whether the private party has acted with the help of or in concert with state officials"; and (3) whether "the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (citation omitted). These tests are commonly referred to as (1) the public function test, (2) the close nexus test, and (3) the symbiotic relationship test. Another test, commonly referred to as the "joint action test," asks whether a private entity was a willful participant in joint action with the state or its agents." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941-42 (1982). In deciding whether state action has occurred, the central purpose of the inquiry is to "assure that constitutional standards are invoked 'when it can be said that the State is *responsible* for the specific conduct of which plaintiff complains.'" *Brentwood*, 531 U.S. at 295 (citation omitted) (emphasis in original). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *American Mfs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (citation omitted).

There is no dispute that Jarvis Salvage is a private entity. (ECF No. 1, ¶ 9) ("Jarvis Auto and Truck Salvage ("Jarvis Salvage") is an unincorporated proprietorship..."). The Court must determine whether Plaintiffs have plausibly pled that Jarvis Salvage was acting under the color of state law when it engaged in the conduct alleged in the Complaint. There are few allegations specifically focused on Jarvis Salvage. Only the following allegations about Jarvis Salvage's

specific conduct relating to the cleanup are made:

> 103.   On July 15, 2019, Chief Natale instructed Patrolman Marisco to meet at the Property with Cooper and Jarvis Salvage, a tow truck operating subcontractor Cooper contracted to assist in the Property's clean up, and complete forms for police removal of abandoned vehicles pursuant to the June 18, 2019 status conference court order. (Ex. 18).
>
> 104. Patrolman Marisco did as Chief Natale instructed and completed removal of abandoned vehicle forms for a 1989 Chevrolet van and a 1982 Chevrolet van, both of which Tim owned and that were parked on the Property. (Id., Ex. 19).
>
> 105.   Jarvis Salvage then towed away the Chevrolet vans following Patrolman Marisco's assistance in completing abandoned vehicle forms for those vans. (Ex. 19).
>
> 106. On July 16, 2019, Chief Natale completed an abandoned vehicle removal form indicating that Jarvis Salvage would remove Plaintiff's 1998 Oldsmobile sedan that was parked on the Property; Jarvis Salvage then towed away the 1998 Oldsmobile sedan. (Ex. 20).

(ECF No. 1, ¶¶ 103–06). For the following reasons, the Court holds that these allegations fail to plausibly allege that Jarvis Salvage was acting under the color of state law when it towed three vehicles from Plaintiffs' land.

> **1.      Jarvis Salvage was not exercising powers that are traditionally the exclusive prerogative of the state.**

The allegations pled against Jarvis Salvage cannot plausibly support a finding that it was exercising "powers that are traditionally the exclusive prerogative of the state." *Kach*, 589 F.3d at 646. The Supreme Court has explained that this is a high bar. It observed, that "[w]hile many functions have been traditionally performed by governments, few have been 'exclusively reserved to the state.'" *Flagg Brothers*, 436 U.S. at 158. The Court of Appeals for the Third Circuit has noted that the exclusive function test "imposes a 'rigorous standard' that is 'rarely…satisfied,' for '[w]hile many functions have been traditionally performed by governments, very few have been exclusively reserved to the State.'" *Robert S. v. Stetson School, Inc.*, 256 F.3d 159, 165–66 (3d Cir. 2001) (quoting *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)) (internal

citations omitted). Jarvis Salvage, a private towing company, is alleged to have done just that—towed three vehicles from Plaintiffs' property. The operation of tow trucks—even when used to clear vehicles at the behest of law enforcement—is not a function that is "traditionally the exclusive prerogative of the state." *Kach*, 589 F.3d at 646. Courts have held that functions with a far greater connection to traditional state authority do not fall within the "rigorous" and "rarely satisfied" exclusive function test. *See Kach* (school security services); *Black by Black v. Indiana Area Sch. Dist.*, 985 F.2d 707 (3d Cir. 1993) (school bus driver, school bus, school bus company, school bus company president); *Groman* (volunteer first aid squad). Plaintiffs have failed to plead any circumstances that would permit a finding that Jarvis Salvage was exercising a function that is traditionally the function of the state. Therefore, they have not satisfied the first test for establishing that Jarvis Salvage was acting under the color of state law.

### 2    Jarvis Salvage was not working with the help of or in concert with the Defendant municipalities.

The second test set forth in *Kach* asks "whether the private party has acted with the help of or in concert with state officials." *Kach*, 589 F.3d at 646. In applying this test, it is important to recognize that merely working under a contract with a public entity toward ends directed by the entity will not establish state action. "Acts of … private contractors do not become acts of the government by reason of their significant or even total engagements in performing public contracts." *A.L. v. Eichman*, 376 F. Supp. 3d 547, 561 (W.D. Pa. 2019) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982)). A factor that courts examine under this test is the degree of collaboration and control in the relationship between the state actor and the private entity. *See e.g. A.L.* 376 F. Supp. 3d at 560–61.

The allegations in the Complaint do not plausibly support a finding that Jarvis Salvage was acting with the help of or in concert with state officials when it towed vehicles from Plaintiffs'

property. Merely having a contract with the government does not render a private party a state actor. Here, the relationship between the Defendant municipalities and Jarvis Salvage is even more attenuated. Jarvis Salvage did not contract with the Defendant municipalities. It was hired by Cooper, another private entity. (ECF No. 1, ¶ 103). The only allegations against Jarvis Salvage are that it towed Chevrolet vans and an Oldsmobile sedan after police officers completed abandoned vehicle forms. These allegations do not show action in concert that would confer state actor status upon Jarvis Salvage. The relationship alleged between Jarvis Salvage and the police officers is, at best, tenuous. Conferring state actor status upon Jarvis Salvage on the facts pled in the Complaint would render every tow operator which tows a vehicle upon the request of a police department a state actor (definitely, unlike here, in those instances where the tow operator is actually hired by the police). The law requires far more interaction, assistance and action in concert for a private party to act under the color of state law. For these reasons, Plaintiffs have not satisfied the second test for establishing that Jarvis Salvage was acting under the color of state law.

> 3. **Defendant municipalities have not so far insinuated themselves into a position of interdependence with Jarvis Salvage that they must be recognized as joint participants.**

Finally, the facts pled by Plaintiffs cannot support a finding of state action under the third test—"whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach*, 589 F.3d at 646. The *Kach* court explained:

> Under that test, "state action will be found if there is a sufficiently close nexus between the state and the *challenged* action of the regulated entity so that the action may be fairly treated as that of the State itself." *Boyle v. Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 76 (3d Cir. 1991) (emphasis in original and internal quotation marks and citation omitted). "[T]he purpose of this requirement is 'to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the *specific conduct* of which the plaintiff complains.'" *Id.* (some emphasis in original) (quoting *Blum*, 457 U.S. at 1004, 102

9

> S.Ct. 2777). "Acts of private contractors do not become acts of the State simply because they are performing public contracts. The State will be held responsible for a private decision only when it has *exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the State.*" *Id.* (emphasis supplied and internal quotation marks and citations omitted).

*Kach*, 589 F.3d at 648 (emphasis in original).

The facts pled against Jarvis Salvage do not permit a finding that Defendant municipalities and their agents so far insinuated themselves into a position of interdependence with Jarvis Salvage that they must be recognized as joint participants in the challenged activity. Again, to so find would render every tow truck operator which tows a vehicle at the behest of a state actor to be, itself, acting under the color of state law. As pled, Jarvis Salvage had no direct relationship with Defendant municipalities. It is alleged only to have had a subcontract with Defendant Dale Cooper, another private party. The Court holds that Plaintiffs have not satisfied the third test. There was not a relationship of interdependence pled between Jarvis Salvage and defendant municipalities that could plausibly warrant a finding that Jarvis Salvage was acting under the color of state law.

Plaintiffs have failed to plausibly plead any facts that could support a determination that Jarvis Salvage was acting under the color of state law when it removed vehicles from their property. Because § 1983 claim requires state action, the claims against Jarvis Salvage at Counts II and III will be dismissed. This dismissal is, as required by the Court of Appeals for the Third Circuit precedent, without prejudice to amend to the extent that Plaintiffs can plead additional facts that would plausibly bring Jarvis Salvage's part into the definition of state action outlined in *Kach* and discussed above. *Phillips v. Cty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008).

## B. THE COURT DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS AGAINST JARVIS SALVAGE.

Because the Court is dismissing both § 1983 claims against Jarvis Salvage, there is no longer a basis for the exercise of federal question jurisdiction. When a district court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a), it has the discretion to exercise or decline to exercise this jurisdiction. *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003). The statute provides that a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

Since the Court has dismissed all of the federal law claims against Jarvis Salvage and the remaining claims are state law claims, judicial economy, convenience, and fairness to the parties weigh against the Court retaining supplemental jurisdiction. There are no "extraordinary circumstances" which warrant the exercise of jurisdiction over the state claims against Jarvis Salvage. The Court declines to exercise supplemental jurisdiction. Plaintiffs' pendent state law claims against Jarvis Salvage (Counts V and VI) are dismissed without prejudice to raise them in state court. Accordingly, Count VII against Jarvis Salvage–*i.e.,* Plaintiffs' claim for punitive damages–will also be dismissed as no claims (state or federal) remain.

## IV. CONCLUSION

For the aforementioned reasons, all of Plaintiffs' claims directed at Jarvis Salvage - Counts II, III, V, VI and VI – will be dismissed without prejudice. Plaintiffs will be given leave to file an amended complaint within twenty-one days. An Order of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

1/24/22
Date